Ilseey, J.
The plaintiff, one of the children, and legal heirs of Mrs. Elizabeth Retaud, deceased, has instituted against her co-heirs and co-proprietors, the present suit for a partition of certain parcels of real estate, found in the succession of the said Elizabeth Retaud.
The only party in interest, who interposed an objection to the partition, was Guillaume Retaud, acting as the natural tutor of his minor child, and for himself as entitled to the usufruct of the property, to be divided under a clause in the marriage contract between the deceased Elizabeth and himself.
Ho filed in Court exceptions to the plaintiffs’ action, which, after argument of counsel, were overruled, and he subsequently filed an answer, in which reserving the benefit of his exceptions, he claimed the usufruct of the whole of the estate of Ms deceased wife, and opposed a partial partition, on the ground that the sale of real estate must be made at a great sacrifice; whereas, if the estate were liquidated it would be easy to effect a partition in kind, as the eventual share of each heir would then be known.
On the merits, the District Court decreed a partition of the property by licitalion, and one-seventh part of the proceeds of the sale was ordered to be delivered to Retaud, as usufructuary, on his furnishing bond and security according to law. From this judgment Retaud, acting as tutor, and in his individual capacity, and Louis Dupurres, under-tutor, have appealed.
The grounds of Retaud’s exceptions were in substance :
1. That a partial partition of a succession is unknown to our law, and if it can be ordered, it can only be done by reason of some extraordinary circumstances and peculiar urgency, of which the petition fails to make any mention.
*294 2. That the succession is still under administration, and that the heirs have not been put in possession, and that the rights of Guillaume Betaud, as universal usufructuary under the marriage contract with the deceased, ascertained or determined, and that the litigation pending between said Betaud and the administrator in the Sixth District Oourt, and tho appeal therefrom, constitutes a bar to this action.
3. That the under-tutor of Betaud’s minor daughter is a necessary party to this suit, and also the administrator to the succession.
4. That quoad the minor heirs of the deceased a family meeting is required to support the demand for a partial partition.
It is only necessary to examine one of the grounds of Betaud’s exception, which is, that a partition of property found in a, succession and under administration, cannot be provoked by the heirs.
It is unquestionably the legal right of the heirs of a deceased person to claim the partition of property inherited by them, and it is not necessary that the co-heirs or the party commencing the action should be in actual possession of the succession or of the thing to be divided. C. O. 1213. But it is, nevertheless, irregular, that heirs, some of whom are beneficiary, who are only entitled to the residuum of a succession, should interfere with the administration, and take the property out of the administrator’s possession, until all the debts and charges of the succession are paid, and the final account of administration homologated. It is impossible to ascertain from the mortuoria of the succession on file in the suit what is the condition of it; and, although from the fact that the administratrix, but in her own name only, is the plaintiff in the partition suit, it is probable that the incumbrances interpose no obstacle, still the presumption is not a legal one, and is not entitled to any weight.
The heir, who makes opposition, has an interest in having the succession liquidated according to law, and his exception therefore, must bo sustained.
It is therefore ordered that the judgment be reversed, and tho suit bo dismissed at the costs of tho plaintiff and appellee.